United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Margrette David,<br><br>                    Debtor. | Bankruptcy No. 14-bk-34382<br><br>Chapter 13 |

## MEMORANDUM OPINION SUSTAINING BANK OF AMERICA'S OBJECTION TO CONFIRMATION

Margrette David ("Debtor") filed for bankruptcy on 9/22/2014, listing as assets four pieces of real estate, including 2746 W. Touhy Avenue in Chicago, Illinois (the "2746 Touhy Property". The 2746 W. Touhy Property is encumbered by a mortgage in favor of Bank of America (the "Bank"). Debtor has filed six plans, the latest on 4/21/2015 (Dkt. 74, "the Plan"). The Bank has filed an objection to confirmation of her plan (Dkt. 27.), and has separately moved for dismissal of the bankruptcy case (Dkt. 59.) and for relief from the automatic stay (Dkt. 71.). The Bank filed a second objection (Dkt. 51.), which it later adopted as to the most recent Plan. The Bank objected on two basic grounds, (1) that Debtor does not have enough money to fund a confirmable plan, and (2) that certain lies told by Debtor amounts to bad faith. An evidentiary hearing was held on June 2, 2015, where Debtor testified as to her finances. The motions for relief from stay and dismissal of the bankruptcy case were continued to July 30, 2015, with the stay to remain in effect. The objection to plan confirmation was taken under advisement. As detailed below, Debtor's income is insufficient to render the current plan feasible. Accordingly, confirmation will be denied by separate order.

## DISCUSSION

### JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer a proceeding to a bankruptcy judge under 28 U.S.C. § 157, and is referred here by District Court Operating Procedure 15(a) of the United States District Court for the

Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (L). It seeks to determine the confirmability of a debtor's plan. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### SUFFICIENCY OF DEBTOR'S INCOME

Section 1325 of the Bankruptcy Code provides that a plan shall be confirmed if "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). Thus, Debtor's plan should not be confirmed unless she is projected to have enough income to make plan payments for the duration of the plan.

As also alleged by the Bank, Debtor has made inconsistent statements under oath about her finances. For purposes of determining feasibility, it is assumed that inconsistencies between her prior schedules, her testimony at the § 341 meeting of creditors, her current schedules, and her testimony at the June 2 hearing are entirely innocent, and that her most recent schedules and testimony are accurate.

The Plan provides for plan payments of $4,101 per month for 60 months, for a total payment to the Chapter 13 Trustee of $246,060. The Chapter 13 Trustee is then to make payments to Bank of America $147,659.11 amortized at 3.25% interest over the five year Plan. The Plan proposes to pay real estate tax arrears as an unsecured claim, at 100%. However, the Plan estimates general unsecured claims at $17,550, which is less than the Bank asserts is the total amount owed in back taxes. The Bank has attached pages from the Cook County website showing $26,046 due in back taxes.

Debtor apparently does not have enough money to pay into the Plan and keep up with real estate taxes. Her Amended Schedule I shows $5,035 per month in rental income plus $115 per month for a billboard lease, as well as take home pay from her job of $750. (Dkt. 34.) At her § 341 meeting, Debtor testified that she receives $10,215 in rent each month. She also testified to $180 for condo assessments, $500 set aside for maintenance, $1,667 for one mortgage, and $1549 for another, leaving $6,319. The

expenses testified to by the Debtor at the § 341 meeting does not include any future real estate taxes as they come due. Her Schedule J does not reflect expenses for property taxes on her income properties. The $4,267 represented in her Schedule I appears to be the net rental income after all expenses. Schedule J shows monthly expenses of $2,831. Subtracting that from the monthly income of $6,732 in Amended Schedule I leaves $3,901, which is short of $4,101 required by her Plan. The Plan would be even less affordable if, as the Bank asserts, she is required to pay the Bank more interest and owes more in back real estate taxes.

### THE PLAN PROPOSES AN INADEQUATE INTEREST RATE

The Bank argues under *Till*, that it is entitled to the prime rate plus a 1-3% risk adjustment. *Till v. SCS Credit Corp.*, 541 U.S. 465, 480 (2004). The Plan provides interest at 3.25%. 3.25% is the current prime rate with no risk adjustment. Lack of a risk adjustment is plainly improper under *Till*. Adding any risk adjustment would only make her plan less affordable than it already is. The Plan currently proposes to pay the Bank $2,669.68 per month. Even with a 1% risk adjustment, resulting in 4.25% interest, she would have to pay $2736.06 per month, which the Debtor has not shown she can afford.

### THE PLAN UNDERPAYS REAL ESTATE TAXES

Under the Plan, Debtor proposes to pay real estate tax arrearages as a general unsecured claim. Debtor schedules the county as having a claim for $16,000 but the Bank has discovered in its investigation that Debtor currently owes over $24,000 in back real estate taxes for 2013. At the time of its objection, real estate taxes for 2014 had not yet come due. The Plan estimates $17,550 in all general unsecured claims, and proposes payment in full with 3.25% interest. Since the back taxes are underreported by $8000, paying enough to cover the back taxes would require an additional $8000, which amortized at 3.25% interest would require monthly payments of $155.59.

## CONCLUSION

Debtor's Plan is unconfirmable because even before adjusting for the Bank's objections, Debtor is short $200 per month. After adjusting for increased interest and a larger real estate tax arrearage, Debtor will need several hundred more hundred dollars per month in payments. She has not yet shown financial ability to pay the higher amount. Accordingly, confirmation of the Plan will be denied by separate order. Denial of Plan confirmation will be without prejudice to the filing of another plan because the present Plan calls for 100% payment to general unsecured creditors, and it may be possible to confirm a plan by paying less to unsecured creditors. Leave of court to file one more amended plan will be granted.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 27th day of July, 2015